IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

2005 JAN -7 P 1: 09

CIVIL DOCKET FOR CASE

GEORGE BENYAMIN,

        PLAINTIFF,

# 05-40004

VS.

ATTORNEY THOMAS BELIVEAU,    )

ATORNEY ALAN MASON,    )

JAMIE MILOT,    )

JESSICA BARRY,    )

ANN EGNITZ,    )

THOMAS R. HOOVER,    )
CITY MANAGER,    )
CITY OF WORCESTER,MASS.,    )

DAVID HOLDEN,    )
COMMR. INSPECTOR,    )

CHIEF INSPECTOR CAHILL,    )

ATTORNEY DAVID MOORE,    )

ATTORNEY DONALD RICHARD,    )

CITY OF WORCESTER,    )

FRANK TABORI,CONSTABLE,    )

IAN M. BENNIE,    )

MADALINE R. ARN,    )

LORING P. LAMOUREAUX,    )

ASSIST.D.A.KATHLEEN DELLOSTRITTO,

**COMPLAINT**

PURSUANT TO:

TITLE 18 USCS §1964,
§1962 ET SEQ.

TITLE 18 USCS §242;

DEFENDANTS, (CONTINUED)

-1-

**Jurisdiction** (Continued)

Jurisdiction is involked in this United States District Court for the District of Massachusettes, pursuant to the United States Constitution, <u>Article 6, Clauses 2 and 3</u> ( Fed. Supremacy Clauses) and Amendments to the Constitution 4th, 5th, 6th, 8th and 14th. TITLE 18 USCS §1964,1961,1962 ET SEQ.,§242.

## INTRODUCTION

The Plaintiff being a businessman in the transactions involving Real Estate Business within the city of Worcester, Massachusetts, and became the target of a conspiracy to steal his Real Estate Properties, using overt and covert methods.

## PARTIES

1.) <u>George Benyamin</u>, is at all times referred to as, ENTREPRENEUR, in this Civil R.I.C.O. Action, within the City of Worcester,.Ma. The Plaintiff also owns and operates a Car-Limousine-Business, and rents his vehicles out to the general public-at-large, and thereafter, the Plaintiff is again the target of a conspiracy to take his rental properties, and usurping his Limousine-Car Rental Business, initiating  the fraudulent schemes which include  using Criminal Court proceedings, uttering fraud, perjury, secondary subordination of perjury by Defendants in Courts of Law, as means >>

3

>> to inflict imprisonment upon Plaintiff engendering the success of the fraudulent scheme.

**PARTIES** (Continued)

2.) <u>Thomas W.Beliveau</u>, Attorney at Law, in the Law Firm of Fuller, Rosenberg P&B, LLP, <u>340 Main Street, Worcester, MA. 01608</u>, is at all times mentioned in this Civil R.I.C.O. Action, as DEFENDANT, and as such, is being sued as a Co-cospirator in the <u>Overt and Covert Conspiracy</u>, targeting Plaintiff's Real Estate Property(s). As such, the Defendant is seeking to share monetary awards he seeks to obtain via his fraudulent schemes, with other parties, (DEFENDANTS), in this Conspiracy.

3.) <u>Allan Mason</u>, Attorney at Law, addressed at, 428 Shrewsbury St. Worcester, MA.01608, is at all times mentioned as DEFENDANT, in Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator, in the <u>Overt and Covert</u> Conspiracy, targeting Plaintiff's Real Estate Housing Property(s). As such, The Defendant sought to share monetary rewards obtained via his fraudulent schemes, with other Defendants involved in this conspiracy.

4.) <u>Jamie Milet</u>, of 603 Church St. Whitinsville, MA., is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator in the <u>Overt and Covert</u> Conspiracy, targeting Plaintiff's Real Estate Property(s). As such, the Defendant sought to share monetary rewards obtained via her fraudulent schemes, with other Defendants involved in this Con-spiracy.

5.) <u>Jessica Barry</u>, of (1) One Main St. Whitinsville, MA. is at all >>

>> times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator in the Overt and Covert Conspiracy, targeting Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via her fraudulent schemes, with other Defendants involved in this Conspiracy.

6.) Ann Egnitz, of 601 Church St., Whitinsville, MA., is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspiritor in the Overt and Covert Conspiracy, targeting Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via her fraudulent schemes, with other Defendants involved in this Conspiracy.

7.) Thomas R. Hoover, The City Manager of the City of Worcester, MA. is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, he is being sued as a Co-conspirator in the Overt and Covert Conspiracy, targeting Plaintiff's Real Estate Property(s). As such, the Defendant sought to share monetary rewards obtained via his fraudulent schemes, with other Defendants involved in this Conspiracy.

8.) David Holden, Commissioner Inspector, is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, he is being sued as a Co-conspirator in the Overt and Covert Conspiracy, targeting Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via his fraudulent schemes, with other Defendants involved in this Conspiracy.

9.) <u>Chief Inspector Cahill</u>, is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, he is being sued as a Co-conspirator in the <u>Overt and Covert</u> Conspiracy, targeting the Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards via his fraudulent schemes, with other Defendants involved in this Conspiracy.

10.) <u>Attorney David Moore</u>, is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator in the <u>Overt and Covert</u> Conspiracy, targeting the Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via his fraudulent schemes with other Defendants involved in this Conspiracy.

11.) <u>City of Worcester</u>, is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator in the <u>Overt and Covert</u>, Conspiracy, targeting the Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via fraudulent schemes, with other Defendants involved in this Conspiracy.

12.) <u>Constable, Frank Tabori</u>, is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator in the <u>Overt and Covert</u> Conspiracy, targeting Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via fraudulent schemes, with other Defendants involved in this Conspiracy.

13    · IAN M. BENNIE, is being sued in his OFFICIAL and PERSONAL CAPACITIES, AS ASSISTANT D.A., A DEFENDANT who is a CO-CON-SPIRATOR in an ongoing CONSPIRACY to inflict FALSE IMPRISON-MENT upon the PLAINTIFF, as a means to STEAL his housing properties and LIQUIDATE all PLAINTIFF'S ASSETS FOR MONETARY WEALTH.

14    · MADELINE R. ARN, COURT REPORTER FOR THE GRAND JURY FOR THE COUNTY OF WORCESTER, MASSACHUSETTS, is being sued in her Off-icial and personal capacities, as a DEFENDANT who is a Co-conspirator in an ongoing Conspiracy to inflict FALSE IMPRIS-ONMENT upon the Plaintiff, as a means to steal his housing properties and liquidate all plaintiff's assets for monetary wealth.

15    · LORING P. LAMOUREAUX, CLEK OF THE COURTS, FOR SUPERIOR COURT, WORCESTER, MASSACHUSETTS, is being sued in his Official and Personal Capacities, as a DEFENDANT who is a Co-conspir-ator in an ongoing Conspiracy to inflict FALSE IMPRISONMENT upon the Plaintiff, as a means to STEAL his housing properties and Liquidate all Plaintiff's Assets for monetary wealth.

16    · ASSISTANT D.A., KATHLEEN DELLOSTRITTO, FOR THE COUNTY OF WORCESTER, MASSACHUSETTS, is being sued in her Official and Personal Capacities, as a DEFENDANT who is a Co-conspirator in an ongoing Conspiracy to inflict FALSE IMPRISONMENT upon the

7.

(cont.)>>

cont.)

> Plaintiff's properties and liquidate all Plaintiff's assets
for monetary wealth.

/ 17     . SUSAN A. GARVIN,R.P.R. OFFICIAL COURT REPORTER, SUPERIOR
COURT FOR THE COUNTY OF WORCESTER, MASSACHUSETTS, is being
sued in her Official and Personal Capacities as a DEFENDANT
who is a Co-conspirator in an ongoing Conspiracy to inflict
FALSE IMPRISONMENT upon the Plaintiff, as a means to Steal his
housing properties and liquidate all Plaintiff's assets for
monetary wealth.

18     . JOSOPH BRENNAN, ESQ., LAW FIRM OF, FISHER, FOLEY, BRENNAN,
& SOUSA, 285 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, is
being sued in his Official and Personal Capacities, as a DEF-
ENDANT who is a Co-conspirator in an ongoing Conspiracy to
inflict FALSE IMPRISONMENT upon the Plaintiff, as a means to
liquidate all Plaintiff's assets for monetary wealth.

19     POLICE OFFICER EILEEN FINNERAN, OF THE CITY OF WORCESTER,
MASSACHUSETTS' POLICE DEOARTMENT, is being sued in her Off-
icial and Perwsonal Capacities, as a DEFENDANT who is a Con-
spirator in an ongoing Conspiracy to inflict FALSE IMPRISON-
MENT upon the Plaintiff, as a means to Steal his housing prop-
erties and Liquidate all his assets for monetary wealth.

20     POLICE OFFICER MARK TIVNAN  OF THE CITY OF WORCESTER, MASS-
ACHUSETTS' POLICE DEPARTMENT, is being sued in his Official
and Personal Capacities, as a DEFENDANT who is a Co-conspirator
in an ongoing Conspiracy to inflict FALSE IMPRISONMENT upon
the Plaintiff, as a means to Steal his housing properties and

(cont.)>>

(CONT.)>> and Liquidate all Plaintiff's assets for monetary wealth.

21. JUDGE JAMES DONOHUE, FOR THE SUPERIOR COURT AT WORCESTER COUNTY,MASSACHUSETTS, IS BEING SUED IN HIS OFFICIAL AND PER_ SONAL CAPACITIES, AS A DEFENDANT HOW IS A CO-conspirator in an ongoing Conspiracy to inflict false imprisonment upon the Plaintiff, as a means to STEAL HIS HOUSING PROPERTIES AND LIQUIDATE ALL PLAINTIFF'S ASSETS FOR MONETARY WEALTH.

22. RICHARD N.BRADLEY,ESQUIRE, is being sued in his Official and Personal Capacities to inflict false imprisonment upon the Plaintiff, as a means to STEAL HIS HOUSING PROPERTIES AND LI- QUIDATE ALL PLAINTIFF'S ASSETS FOR MONETARY WEALTH, injoint- venture with all other defendants.

23. LAW FIRM OF: Fisher, FOLEY, BRENNAN & SOUSA 285 MAIN STREET, WORCESTER,MA 01608, is being sued in its business entity as a law firm incorporated, perpetrating the professional SCHEME AND CONSPIRACY to effect a scheme to steal the Plaintiff's housing properties and liquidate all Plaintiff's assets for monetary wealth, in joint venture with all other defendants.

24. LAW FIRM OF: Fuller, ROSENBERG, PALMER & Beliveau, 340 MAIN STERR, SUITE 817, WORCESTER, MA 01608, is being sued in its business entity as a law firm incorporated, perpetrating the professional SCHEME AND CONSPIRACY to effect a scheme to steal the Plaintiff's housing properties and liquidate all Plaintiff's assets for monetary wealth, in joint venture with all other defendants.

(Cont.)>>

25.    LAW FIRM OF: ATTORNEY ALAN MASON, LAW OFFICES, 428 SHREWSBURY ST. WORCESTER,MA 01604, is being sued in its business entity as a law firm incorporated, perpetrating the professional SCHEME AND CONSPIRACY to effect a scheme to steal the Plaintiff's housing properties and liquidate all Plaintiff's assets for monetary wealth, in joint venture with all other defendants.

26. Attorney Donald Richard, is at all times mentioned as DEFENDANT, in this Civil R.I.C.O. Action, and as such, is being sued as a Co-conspirator in the Overt and Covert conspiracy, targeting the Plaintiff's Real Estate Housing Property(s). As such, the Defendant sought to share monetary rewards obtained via his fraudulent schemes with other Defendants involved in this conspiracy.

## COUNT ONE CAUSE OF ACTION

12. The Plaintiff claims that he incorporates his claims presented in his ORIGINAL COMPLAINT, from paragraph (1), to Paragraph, (62), including all paragraphs in the, PRAYER FOR RELIEF, to be incorporated in this AMENDED COMPLAINT.

13. DEFENDANT, Assistant District Attorney Ian M. Bennie, did on the thirteenth of May, 1998, conviened the Grand Jury for the County of Worcester, Massachusetts, for the purpose of issuing a, "True Bill" of indictment against the person of, George Benyamin, the Plaintiff.

>> that upon her return to Korea, she will be a very rich woman). She then tried to return into SH-BOOM to get her coat from the "coat-check" counter, but another bouncer refused to let her re-enter, so she asked the Plaintiff to go inside and get her coat for her; she gave Plaintiff her "ticket" to retrieve her coat. The Plaintiff went back inside SH-BOOM, and returned with Defendant MILOTS' coat. After the passing of thirty minutes (approximately), MILOTS' friend Defendant EGNITZ, came out of SH-BOOM, and the two women left in a car.

## ONGOING CRIMINAL CONSPIRACY
### COUNT THREE CAUSE OF ACTION VIOLATIONS
### OF TITLE 18 USCA §§ 1964, 371, 1341,241,242

13.) Plaintiff, after the passing of a few days (March 3rd, 1998), Defendant MILOT telephoned the Plaintiff, requesting the Plaintiff's presence by asking him: "Let's go out tonight." After an exchange of rejection, the Plaintiff agreed to take her out to a restaurant for dinner, but she refused to state her home address to the Plaintiff, and instead, requested to be picked-up at "SHAW'S PLAZA, at 5:00 P.M. Plaintiff picked her up at 6:00 P.M. in Northbridge, MA. due to his getting lost. It was raining.

14.) Defendant MILOT, asked Plaintiff to buy some pastrami sand-wiches and soft drinks, which he did, then drove to his home at her request, where Defendant MILOT, among other things intentially commenced kissing the Plaintiff and dis-robed (took off all of her clothing) and stood completely nude in front of Plaintiff, giving

off foul, (STINKING) body-odors, and began demanding the Plaintiff to have sexual intercourse with her. She laid herself upon the Plaintiff's bed in the living room, but the Plaintiff refused to have sex with Defendant MILOT, and refused to lay down on the bed with her. Instead, Plaintiff told Defendant MILOT to put her clothes back on.

15.) Plaintiff claims that Defendant MILOT demonstrated conduct of an UNSAVORY-NATURE AND Defendant MILOT then asked Plaintiff to drive her to her friends house. The Plaintiff agreed to take Defendant MILOT to her home, but she reffused to allow [t]hat, and demanded to be taken to her friends house, Plaintiff then drove Defendant MILOT to a building at: [ ] MAIN STREET WHITINSVILLE, MA. [ ]

16.) Plaintiff, after leaving the defendant MILOT at the factoy-like building, Plaintiff watched her enter said building, the departed the area and returned home.

ONGOING CRIMINAL CONSPIRACY
COUNT FOUR CAUSE OF ACTION
TITLE 18 USCA §§ 1964, 371, 1341, 241, 242

--------------------------------------------

17.) On March 12, 1998, the Plaintiff, while driving his motor vehicle, (Ford Bronco), off the highway, experienced a "police-stop" when he entered Plantation Street, in the City of Worcester, MA., and a woman officer, in her plain-clothes, started asking the Plaintiff questions:

The Officer: "Do you know Jamie Milot?"

Plaintiff: "Yeah."

>>

> The Officer: "Will you follow me to the police
> station, because we need to know
> what happened between you and
> Jamie Milot?"

18.) While the woman officer was talking with the Plaintiff, another plain-clothed police officer pulled his car into position behind the woman officers car, and he asked the Plaintiff questions:

> The second Officer: "Do you have any blood in your
> house?"
> Plaintiff: "I do not have any blood in my
> house."
> The second Officer: "Can you give us the key to your
> house so we can go check it out?"
> Plaintiff: "Here is the key."
> The second Officer: "Okay."

19.) Both Officers and the Plaintiff then drove their vehicles to the police station on Belmont Street in the City of Worcester, MA., where another officer joined the inquery, and the Plaintiff explained all the events which developed between the Plaintiff and MILOT and EGNETZ.

20.) On March 12, 1998, the Officers then told the Plaintiff that he was under arrest, and they took the Plaintiff's fingerprints and photo-pictures of the Plaintiff, and confined him in a cell overnight.

ONGOING CRIMINAL CONSPIRACY
<u>COUNT FIVE</u> CAUSE OF ACTION
OF TITLE 18 USCA §§ 1964, 371, 1341, 241,242

---

21.) Later, Plaintiff was represented by, <u>Attorney Joe Brennan</u>, who informed the Plaintiff, that police officers went to the residence of the Plaintiff, and took bedding and other items to a lab for analysis, and examination. They also examined the underwear and clothing of Defendant <u>MILOT</u> at that same lab. Attorney Brennan told the Plaintiff that, "<u>the lab examination came out 'NEGATIVE,' THERE WAS NO SEMEN, OR PENETRATION, OR ANYTHING OF INTERCOURSE, AS MILOT CLAIMED, ON THE BED.</u>"

22.) Attorney Brennan made an offer of 2 to 3 years, if the Plaintiff would <u>PLEAD GUILTY</u>. The Plaintiff told Attorney Brennan, <u>that he is totally innocent, and refused to plead guilty</u>.

23.) Plaintiff was forced to await his public trial, <u>for over eight (8) months</u>, while confined at the Worcester County Jail in Bristol, Massachusetts.

24.) <u>During the public trial the woman Prosecutor told lies throughout her opening statements to the (12) person jury</u>:

> (Pages 37-41 Lines 19, 20, 21)
> Transcripts Jury Trial before
> before Donohue, J.
> November 2nd, 1998
> CR Action #98-0280

Page 41,
Line 19 "<u>She will tell you that</u>
Line 20 "<u>She had never before had sex with a man before</u>,

14

> Line 21 "that she was a virgin, -"

25.) The woman Prosecutor <u>illegally advanced the crimes against the accused</u>, Plaintiff, when she made her opening statements to the jury, <u>INTENTIONALLY LYING ABOUT THE DEFENDANT MILOT BEING A VIRGIN</u>, when the facts proved, that when she, Defendant MILOT was questioned at the hospital about the <u>So-called rape</u>, Defendant MILOTS <u>examination proved that she was not a virgin, and that she had no evidence of conjugal sexual activities</u>. The facts enunciated by the examination of the Defendant, <u>MILOT IS NOT A VIRGIN AND THAT SHE WAS NOT IN A SEXUAL COPULATION WITH THE PLAINTIFF</u>.

26.) The woman Prosecutor performed in a manner to <u>INFLUENCE JURY MEMBERS AGAINST THE PLAINTIFF'S GOOD CHARACTER BY STATING LIES AND THE DISTORTION OF THE FACTS</u>, as stated in the trial records of the "Closing Arguments of The Commonwealth." (See <u>VOL. 2</u> "Trial Transcripts) Crim. Action No. 98-0280
        Pages 367 thru 385

_____

27.) The Prosecutor (Kathleen Dellostrillo), in making her closing arguments at the end of the Plaintiff's <u>ILLEGAL TRIAL</u> against the Plaintiff, stated the following:

28.) At Page: Transcript; (368 VOL. 2: Lines 2 thru 25)
"...anything like that, or a videotape of a crime, of a rape, does not mean it did not happen. If Jamie Milot got on the stand, ladies and gentlemen, and told you under oath that he beat her with a stick, that he sliced her up with a knife and cut her and she bled, then certainly the medical records and the crime lab report that indicate ,

, 15

> there was no blood, that indicate there was no bruising, that there
was no torn clothing, then, of course, those items would be very
important because the witness would be saying what the documents
indicate certainly didn't happen.

That's not the case you have here.

Here you have a case of a young girl who went into the apartment of
man, albeit she should have not gone there, and I suggest to you and
I will touch upon this later, she didn't have the wherewithal to
realize she shouldn't have gone. But she went. He took advantage of
her, and he raped her, and she said no. No, he didn't beat her. No,
he didn't threaten to beat her or kill her, but he did it anyway.
And no, she didn't offer any physical resistance beyond saying no.
But, ladies and gentlemen, saying no is enough.

(See Plaintiff's footnote below)

ONGOING CRIMINAL CONSPIRACY
COUNT SIX CAUSE OF ACTION
OF TITLE 18 USCA §§ 1964, 371, 1341,241,242

29.) The Plaintiff first heard evidence of an ongoing criminal con-
spiracy against him and his PROPERTY(s)"HOUSES," when the prosecut-
or made statements in her "closing arguments------" on page 379 of
the Trial Transcripts, VOL. 2, Lines 20-22: "he's a real estate
tycoon, he has a lot of property in Worcester, MA."

> PLAINTIFF'S FOOTNOTE

> There was NO SEMEN ON THE SHEETS, NOR ON HER UNDER-
WEAR. NO PUBIC HAIRS OF EITHER HILOT NOR THE PLAIN-
TIFF, on the sheets-EXAMINED BY THE SPECIAL EXPER-
TISE OF THE MA. STATE POLICE LAB., AND THE MELFORD
HOSPITAL STAFF.

30.) Plaintiff claims that he was suprised at the revelations stated by the Prosecutor, as a means to persuade the jury to savor a guilty verdict against the Plaintiffm and such statements made against the Plaintiff's character had no basis from the evidence presented during the ILLEGAL TRIAL; the Prosecutor presented NO EVIDENCE, neither by testimony witnesses, nor by documentary evid-ence.

31.) Plaintiff claims that the Prosecutor also used her feminine persuasiveness to lie to the jury, among other things, telling the jury that, JAMIE MILOT, (the Defendant, in this Civil R.I.C.O. Action), was "A VIRGIN" UP UNTIL THE SO-CALLED ASSAULT BY THE PLAINTIFF." YET ON THE STAND, MILOT TESTIFIED THAT SHE WAS NOT A VIRGIN!

32.) DEFENDANT MILOT LIED TO THE POLICE OFFICERS BY CLAIMING TO HAVE BEEN RAPED BY THE PLAINTIFF, AND SHE LIED TO THE PROSECUTOR, WHEN SHE CLAIMED THAT SHE WAS A VIRGIN, UP UNTIL THE PLAINTIFF (PURPORTEDLY) RAPED HER! Then the Prosecutor, after reading the medical examination reports from the police lab, and the Hospital Rape Examination Team report-(BOTH STATING THAT NO EVIDENCE OF A RAPING TOOK PLACE: NO TOUCHING, OR ABUSES, AND NO PUBIC HAIRS WERE PRESENT. THE PROSECUTOR STILL LIED INTENTIALLY TO THE COURT AND THE MEMBERS OF THE JURY BY SAYING, THAT THE PLAINTIFF DID RAPE THE DEF-ENDANT MILOT, AND  DEFENDANT MILOT STILL TESTIFIED IN COURT THAT SHE WAS NOT A VIRGIN AT THE SAME TIME THAT SHE MET THE PLAINTIFF.

33.) The Plaintiff still suffers being a victim of, FRAUD UPON THE COURT, BY THE CONSPIRACY BY ATTORNEY BELIVEAU AND ATTORNEY MASON, AS ATTESTED IN AFOREMENTIONED COUNTS ONE, AND TWO, et seq.

17

ONGOING CRIMINAL CONSPIRACY
<u>COUNT SEVEN</u> CAUSE OF ACTION
OF TITLE 18 USCS SECTIONS 1964,
371, 1341, 241, 242

34.) The Plaintiff has suffered, and continues to suffer severe mental anguish, severe physical ailments and physical illnesses, as a direct consequence to being a victim of the ongoing criminal Conspiracy and criminal enterprise, initiated by Defendants Beliveau, Mason, Milot, and others.

35.) Plaintiff suffers being operated on, "four eye surgeries;" Consuming medications for his heart; compelled to consume poorly prepared foods, and non-nourishing foods and drinks; confined in prison where his blood pressure is dangerously high; the decline and failure of body functions and muscles, ulcers of the stomach caused from anger; and has become a more serious diabetic while falsely imprisoned.

ONGOING CRIMINAL CONSPIRACY
<u>COUNT EIGHT</u> CAUSE OF ACTION
OF TITLE 18 USCS SECTION 1964,
371, 1341, 241, 242

36.) Plaintiff suffers the <u>INABILITY</u> to pay taxes on his property (s), and consequently, placing his property(s) in jeopardy of being lost to the city, or be demolished by the city. Additionally, the Plaintiff had to pay others to keep up the property(s), but the Defendants Attorneys, <u>BELIVEAU and MASON</u>, asserted their influence to

> persuade a court to issue an Order freezing Plaintiff's Properties.
37.) Plaintiff also claims that the Sheriff of the City of Worces-
ter collected from the people who were renting apartments in the
Plaintiff's housing properties, the rent and the Sheriff had full
control over properties and didn't purchase any insurance on the
properties, and the Sheriff allowed Plaintiff's properties to decay.
38.) Consequently, the Plaintiff has not been able to pay the mort-
gageson the housing properties since the day of his FALSE ARREST.
As a result Plaintiff owes approximately $800,000 to $1,000,000 top
of his mortgages, and due to the run-down-neglect on the houses,the
Plaintiff must spend money to restore the properties, plus back
taxes, for all these past,he's been held in FALSE IMPRISONMENT.

ONGOING CRIMINAL CONSPIRACY

COUNT NINE CAUSE OF ACTION

TITLE 18 USCA §§ 1964, 371, 1341, 241, 242

39.) Plaintiff claims that the City Manager (Hoover), along with
building inspector Commr. (David Holden) Chief Building Inspr.
(Cahill) participated in Conspiracy agreement to illegally confis-
cate the Plaintiff's properties.

Mass.
Digest
2d
(key)
5

See: U.S. v. Williams
18 Fed,Appx. 1
122 S.Ct. 229 (Cert.denied)
151 L.Ed. sd221 (Mass. 2001)

Also See:

U.S. v. Patrick 248F.3d 11
Cert.den Arthur v. U.S.122 S.Ct.620
151 L.Ed. 2d 542

Defendants, CITY of WORCESTER, issued the demolition Order for 6 Waverly St.

40.) Plaintiff claims that the Conspiracy was enhanced, that is, enlarged from the outset, by the predicated acts of Defendants HOLDEN and CAHILL, when they worked to fortify the illegal acts performed by Defendants, HOOVER, MOORE, RICHARD, THE CITY OF WORCESTER, AND DEFENDANTS TABORI, Beliveau, MASON, MILOT, BARRY, AND EGNITZ, by making threats to the Plaintiff that they would have a DEMOLITION TEAM, tear down the Plaintiff's houses, inspite of the facts that the Plaintiff refurbished the houses to meet legal standards required by law; Plaintiff affixed the property with:

a.) New windows, and sashes
b.) New doors
c.) New roofing
d.) New siding around the building
e.) New back porch
f.) New flooring inside
g.) New plumbing inside
h.) New painting inside
i.) New vinyl siding and painting outside.

All of which was completed on a single building permit issued by Defendants HOLDEN and CAHILL, for the installation of windows and sashes. Then after completion of all the foregoing purchases, labors, and expenses, Defendants HOLDEN and CAHILL told the Plaintiff that they were, STILL GOING TO DEMOLISH ALL OF THE PLAINTIFF"S HOUSES!

41.) The Conspiracy originally started by [t]hese Defendants in the year 1994, against the Plaintiff, but the Plaintiff did not become aware of this until the year 2002, that all of the predicated acts ,

20

> committed by each Defendant, commencing by some Defendants during the calendar year of 1994, through until this date in the year of 2002, and is still presently still an ongoing Criminal Conspiracy, with the target of the Conspiracy being the same; the Plaintiff and the three (3) houses he owns. The predicated acts committed by each Defendant violates, TITLE 18 USCA § 1964.

42.) Defendants HOLDEN and CAHILL gave the Plaintiff (p]ermits to, FIX THE WINDOWS, then they told the Plaintiff to, PUT IN "NEW WIND-OWS." on the house, then they told the Plaintiff to finish the whole job, THEN we'll give you the, PERMIT TO OCCUPY. After the Plaintiff completed the entire renovation (See page 33 herein above) the Defendants made a mockery of his property and decieved the Plaintiff by telling him that instead of giving him (An Authentic-ated) [P]ermit to occupy, they told the Plaintiff that they were going to issue, "A [D]EMOLITION ORDER," against the Plaintiff's houses.

43.) Plaintiff learned that the Defendants, HOLDEN and CAHILL, act-ed in joint-venture with the Defendants, HOOVER, MOORE, ESQ. AND RICHARD ESQ., who gave their tacit approved Conspiracy to confis-cate the Plaintiff's housing properties, not withstanding his act-ions taken in expensive returbishing his properties, and near full occupancy.

44.) Defendants HOLDEN and CAHILL, persuaded Defendants HOOVER, DAVID MOORE, ATTY. AND RICHARD, ESQ., all of whom work for THE CITY OF WORCESTER, also used their personal positions as CITY EMP-LOYEES, TO SUPPORT THE ILLEGAL ONGOING CRIMINAL ENTERPRISE TO

› CONFISCATE PLAINTIFF'S HOUSING BUSINESSES, WHERE ALL RECORDS WERE LOST.

45.) The RECALCITRANT attitudes of each Defendant, City of Worcester, has in fact, supported and financially extorted back taxes in monetary amounts compelling the Plaintiff to pay a partial amount of TEN THOUSANS DOLLARS ($10,000.00) recently, to the Defendant, leaving an accrued (ILLEGAL) balance of large monetary amounts due.

46.) The Defendant, City of Worcester, has issued "FAKE DEMOLITION ORDER," (meaning the Order was executed upon Plaintiff without the [S]eal of the City affixed as required by statutory law, M.G.L.C. 233 §72

47.)                  MASSACHUSETTS GENERAL LAW
                         CHAPTER 233 §76

                                        (See Page 21)

48.) The Defendant, (CITY of WORCESTER), by using deceptive and overt racial discrimatory predicated acts against the Plaintiff and against Plaintiff's property rights, the Defendant has inflicted such acts for nine years, consistantly, denying the Plaintiff his rights to earn income from his business enterprises used it's powers to abuse the Plaintiff and his properties, and uttering FALSE CODE VIOLATIONS ISSUED, all the time.

49.) Defendant Frank Tabori, a Sheriff's Deputy and Constable was appointed in 199_ by the Superior Court(during Civil Litigation), as a "reciever" for the house at 479 Cambridge St. Worcester,MA., 47 West Minister St. and 10 Windsor St. Defendant Tabori did not pay any taxes, did not buy any insurance, did not do any maintainance,

> 50.) Plaintiff claims that the properties in question were VACANT for years and years before the Plaintiff purchased said properties, and the Defendant (CITY of WORCESTER) did not care or show any interest in the property(s). It wasn't until Plaintiff spent many thousands of dollars, after the Defendant gave him a permit to do some work-did the racial discrimination materialize against the Plaintiff. Consequentlt, the Plaintiff suffers the racial discriminatory acts committed by the Defendant, CITY of WORCESTER.

51.) Defendant Tabori's inactions, as the "RECIEVER" violated State Statutory Laws, as such: MASSACHUSETTS GENERAL LAW(S):

Chapters 266 §55

231 §116

111 §124

117 §67,§104

52.) Whereas, Defendant Tabori failed in his performance as a Court-Appointed "RECIEVER," suffers with large amounts of back taxes and lack of insurance-that the Plaintiff suffers the consequences of debt and a clear violation of his Court-Appointed,"RECIEVER-SHIP."

53.) Defendant Tabori INTENTIALLY committed acts designed to debase and to destroy the Plaintiff's assets in his Real Estate Housing Entrepreneurship, thereby inflicting and enhancing the furtherance of an ongoing Conspiracy.

## AUTHORITIES OF LAWS IN SUPPORT

54.) Plaintiff, George Benyamin, Pro Se, respectfully cites hereinafter, the authorities of laws,in part, that he relies upon in the instant case:

System Management, Inc. v. Loiselle,

154 F.Supp. 2d 195

( D. Mass. 2001 )

"If a Plaintiff has been injured in his bus-
iness or property(s) by a Racketeer Influen-
ced and Corrupt Organizations Act, (R.I.C.O.)
violation(s), a Court must award attorneys'
fees. 18 USCA §1964(C)."

## U.S. v. PATRICK
Cite as 248 F.3d 11 (1st Cir. 2001)

[1, 2] Here, the district court took its instruction almost directly from the language of the Supreme Court's decision in *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), and no more was needed to define the term "enterprise" for the jury.

[4, 5] The government, citing *United States v. Shifman*, 124 F.3d 31 (1st Cir. 1997), says that a RICO conspiracy may be shown by evidence that the defendant agrees to commit two or more predicate acts "or in fact commit[s]" such acts. *Id.*

## U.S. v. PATRICK
Cite as 248 F.3d 11 (1st Cir. 2001)

### 2. Racketeer Influenced and Corrupt Organizations ⟳95

While "enterprise" and "pattern of racketeering activity" are separate elements of Racketeer Influenced and Corrupt Organizations Act (RICO) offense, proof of these two elements need not be separate or distinct, but may in fact coalesce. 18 U.S.C.A. § 1962(c).

### 4. Conspiracy ⟳24(1)

Conspiracy may be based on tacit agreement shown from implicit working relationship.

# MASSACHUSETTS
# GENERAL LAWS ANNOTATED

CHAPTER 233,

§ 76.    Records, etc., of Departments of Commonwealth, Cities or Towns.

Copies of books, papers, documents and records in any department of the commonwealth or of any city or town, authenticated by the attestation of the officer who has charge of the same, shall be competent evidence in all cases equally with the originals thereof; provided, that, except in the case of books, papers, documents and records of the department of telecommunications and energy in matters relating to common carriers, and of the registry of motor vehicles, the genuineness of the signature of such officer shall be attested by the secretary of the commonwealth under its seal or by the clerk of such city or town, as the case may be.                    [M A N D A T O R Y]

# The Seal
## OF
## AUTHENTICATION
## Mandatory Authority

55.    Plaintiff claims that the statutory laws governing the affixing the SEALS OF THE GOVERNMENTAL BRANCH UPON ALL DOCUMENTS, barring none, including THE DEMOLITION ORDER, issued by the defendant CITY MANAGER, was (m)issing in the SEAL OF AUTHENTICATION.

56.) Plaintiff claims that the ongoing activities (the continuity) established patterns of numerous related predicated acts of Racketeering activities with sustaining the present constant threat towards completing the Conspiracy.

$$\frac{18 \quad USCS \quad §1964}{18 \quad USCS \quad §1962}$$

57.) The Plaintiff has been injured in his properties and business by the (R.I.C.O.) violations as proven hereinabove, in all Counts hereinabove.

System Management, Inc.
v. Loiselle, 154 F.Supp. 2d
195 (D. Mass. 2001).

58.) The Plaintiff

U.S. v. Gambale
610 FS 1515
(D.C. Mass. 1985)

59.) Plaintiff therefore, claims that pursuant to the statutory Laws cited hereinabove, and the cited precedents of on-point case-laws in relevent portions cited, he has stated factual causes of actions in a particularized manner and enunciating with specificity, in each count of this R.I.C.O. CIVIL COMPLAINT, entitles the Plaintiff to the judicial relief requested and prayed for.

60.) Plaintiff claims that actions taken during April of 2000, DEFENDANT ALAN MASON MADE A SUPRISE VISIT TO THE STATE PRISON where the Plaintiff is being held in FALSE IMPRISONMENT, and attorney Mason then presented the Plaintiff with three (3) deeds, prepared by him, for all the houses the Plaintiff owns.

Defendant Attorney Mason attempted to induce the Plaintiff to sign each deed over to him. Attorney Belivieaux and Attorney Mason concocted a scheme they believed they could gain ownership over the Plaintiff's houses, by means of tricknology, but the Plaintiff ask-ed Defendant Mason if he could take the UNSIGNED DEEDS, TO STUDY THEM. The Defendant agreed. Plaintiff held onto the deeds as PROOF OF THE TRICKNOLOGY USED TO STEAL HIS PROPERTIES.

61.) Plaintiff claims that the Defendant MILOT committed PERJURY IN THE COURTS OF LAW, under her sworn oath to tell the truth, and MILOT UTTERED FALSE STATEMENTS TO THE POLICE OFFICERS DURING A PRE-ARREST, PRE-TRIAL INQUIRY. Defendant MILOT'S actions were in obed-ience to the orchestrated advice from DEFENDANT ATTORNEYS BELIVIEAU AND MASON, BOTH WHO ARE PERPETRATORS OF SUBORDINATION OF PERJURY.

62.) Plaintiff is in possession of Court documents (i.e. transcrip-ts, medical, and police reports), standing as undisputable evidence of THE FALSE STATEMENTS TO LAW ENFORCEMENT OFFICIALS, ALL OF WHICH this Plaintiff will submit into this case in the near future.

Darcy v. Hankle, 768 N.E. 2d 583(Mass. APP. CT. 2002)
at page 587.

False Statements to Law Enforcement Officials-

27

64. The Defendant, <u>Assistant D.A., Bennie,</u> knew of the ongoing Conspiracy to confiscate the housing properties from the Plaintiff.

65. The Defendant, <u>Asssistant D.A.,Bennie,</u> intentionally, fraudulently concealed the exculpatory facts from the members of the, Worcester County Grand Jury, substancial facts are as follows:

(1.) The issues were on "new" allegations of events concerning <u>Jamie Milot,</u> who made, <u>VERBAL CHARGES,</u> TO POLICE OFFICERS, claiming that she was sexually raped by the Plaintiff, [but] she never filed a Criminal Complaint, in the District Court, as is <u>MANDATORY,</u> pursuant to, <u>MASS. GENERAL LAWS CHAPTERS: 218, §35.</u> Therefore, she was in, <u>"NON-COMPLIANCE,</u> alsowith, <u>MASS. GENERAL LAW CHAPTER 263, §4, §9.</u>

(2.) The DEFENDANT, <u>Assistant D.A., BENNIE,</u> used his Official Capacity to the furtherance of the Conspiracy against the Plaintiff, by Uttering and Orchestraing FALSE INFORMATION before the 23 members of the Grand Jury - MASS. GENERAL LAW, CHAPTER 277, §2E, (Grand Jury in Worcester County).

## COUNT TWO CAUSE OF ACTION

66. <u>Defendant madeline R. Arn,</u> is the, "Verbatim Court Reporter for the GRAND JURY on the investigation of the Plaintiff, (George Benyamin) and said <u>DEFENDANT ARN,</u> did record the Grand Jury proceedings into the transcripts, but said <u>DEFENDANT ARN,</u>

28

(cont.) >

(cont.) > intentially failed to Authenticate her recordings, by affix-
ing the, "SEAL OF THE COURT," upon the Grand Jury Transcripts,
"BEFORE," they were made into, "PUBLIC RECORDS" M.G.L. chap.

67. DEFENDANT, Loring P. Lamoureux, Clerk of the Courts, Sup-
erior Court - Worcester, failed to perform his Official duties,
by withholding the acts he was required to perform upon the,
AUTHENTICATION, of the Indictments, docket entry forms, trans-
cripts and warrant-of-commitment to prison, as required by:
*Massachusetts General Laws, Chapter 212 §26.
**Title 28 USCS § 1738.

68. DEFENDANT Lamoureaux, did Utter documents of Judicial nat-
ure, without affixing the SEALS OF THE TRIAL COURT, upon {e}ach
document, as IS MANDATORY, by the STATUTORY LAWS,(Cited Above.)

## COUNT THREE CAUSE OF ACTION

69'. DEFENDANT, Assistant District Attorney, Kathleen Dellostritto,
for Worcester County, Massachusetts, sdid commit predicated acts
of, Fraud upon the Court(and Public Jury Trial) which commenced
during Trial on, NOVEMBER 2nd, 1998, under Indictment No. CR98-
0280, before the Court-defendant Judge James Donohue, whereupon
the Defendant Dellostritto did enunciate the following prevari-
cations(lies):'("Jamie Milot") she will tell you that she had
never before had sex with a man before - That she was a virgin.'

### TITLE 18USCS §1001, 21621, §1622;§1623
#### Copy 18 §1621

MASS. GEN. LAW, §1. Perjury, §2. Subordination of Perjury
§3. Inciting to Perjury §4. Commitment on presumption of Perjury
§6A. Falsely written reports by Police Officers §6B Penalties for
making False Statements

## COUNT FOUR CAUSE OF ACTION

70. DEFENDANT JOSEPH BRENNAN, ESQ, became emploted-counsel for the defense of the Plaintiff's criminal charges, concocted by the Office Of The Worcester County District Attorney. Defendant Brennan requested several thousand dollars for his fees. He was paid approximately, "Ten Thousand Dollars" to represent the defense of the Plaintiff against the False Charges.

71. The PLAINTIFF, (GEORGE BENYAMIN), was held in jail, awaiting Trial for approximately 8 - 9 months, and Attorney Brennan only visited the Plaintiff a few times.

72. The Plaintiff had never encountered a situation where his Defense Attorney, Brennnan, worked to obstruct good witnesses for the Plaintiff's defense - but worked to present witnesses who's testimony would SUPPORT THE PROSECUTOR'S CASE.

73. The acts perpetrated by Defendant's Attorney, Joseph Brennan, at the early stages of his investigation of the Plaintiffs case,- Refused to bring TWO EYEWITNESSES who are "Bouncers" at the, "Sha-Boom Tavern and Dance Hall," and who were "THE FIRST TO SEE THE ILL-CONDUCT of the SO-CALLED RAPE VICTIM."

74. During the public trial, the Defendant's Attorney, Joseph Brennan, committed acts AGAINST the Plaintiff's innocense, when the Defendant's attorney "REFUSED TO SCHEDULE THE BOUNCERS FOR TRIAL TESTIMONY AND REFUSED TO INFORM THE JURY - DURING THE OPENING STATEMENTS PERIOD, THAT THE SO-CALLED VICTIMS ACTS, DEEDS, AND DEMEANOR IN THE DANCE HALL WERE SEXUALLY OUTLANDISH, AND SUCH TESTIMONY WOULD HAVE BEEN AN INSULT TO THE PROSECUTION'S ›(cont.)

COUNT FOUR (cont.)

>> <u>CASE, OF AN "INNOCENT GIRL BEING RAPED."</u>

<u>U.S. vs. WALTERS</u>
309 F.3d 589(9th Cir. 2002)

At page 590, "...<u>STRUCTUAL ERRORS</u>" permeate(d) the entire conduct of the Trial, from beginning thru to the end, - affect(ing) the framework within which the Trial proceed(ed)..."

{7 5. The <u>Defendants Attorney Brennan,</u> at the beginning periods of time, when he was paid a monetary fee by the Plaintiff, <u>FAILED TO PERFORM HID PROFESSIONAL SKILLS BY:</u>

A) <u>Failing to challenge the fact that they, Never filed a criminal complaint against the PLAINTIFF, by JAIME MILOT, the So-Called victim(who was never touched by the, Plaintiff). MASS. GEN LAW, Chapter 218 §35.</u>

B) <u>Failing to challenge the fact that, "The Indictment WAS NOT AUTHENTICATED," as required by Statutory Laws: M.G.L. Chapter (212 §26.)</u>

C) <u>Failing to challenge the Trial Judge, sitting over the Plaintiff's case - by claiming that the, "(Fatally Defective In-dictment)", lost its existence, as an instrument having legal force and effect - (M.G.L. Chapter, 277 §73.) (Dismissal after (6) months - life of the Indictment.)</u>

D) <u>Failing to inform the Plaintiff and the Trial judge on the important facts that the Grand Jury Indictment was "Fatally-Defective - executed upon the Liberty of the Plaintiff, without</u>  >>>

>>> the, "Wafer-Seal of Authentication," affixed, before it was exe-

cuted in Court.(Title 28USCS §1738; MASS. GEN. LAW, CHAPTER 212.)

76   Plaintiff claims that Defendant Attorney, Joseph Brennan, in

the furtherance of an ongoing criminal conspiracy against the

Plaintiff, intentially failed to represent the Plaintiff effect-

ively and substantially, during the Public Trial, whereupon the

Defendant Attorney,Joseph Brennan, "Intentially, "Obstructed —

Justice by:

1.) Refusing to make it known to the Court, that the [ALLEGED]

RAPE VICTIM, NEVER SWORN A CRIMINAL COMPLAINT AGAINST (GEORGE

BENYAMIN), THE PLAINTIFF. THEREFORE, MASS. GEN. LAW CHAPTER 218 §35,

"WAS NOT COMPLIED WITH, BY THE SO-CALLED VICTIM.

2.) The Grang Jury Indictment should have been challenged

by Defendant Attorney, Joseph Brennan, where the Grand Jury Pro-

ceedings, "WERE NOT LEGAL," since the Defendant Jamie Milot,"NEVER

FILED A CRIMINAL COMPLAINT  TO COMMENCE AND INITIATE COURT INQ-

UIRRIES."  READ: MASS. GEN. LAW, CHAPTER 263 §4 (Prosecution of

Crimes), which states, "NO PERSON SHALL BE HELD TO ANSWER FOR ANY

CRIME, EXCEPT, UPON AN INDICTMENT BY A GRAND JURY, OR UPON A COM-

PLAINT BEFORE A DISTRICT COURT..."

3.) The Defendant, Attorney Joseph Brennan, from personal

examination of all the [formats] and [processes] which commenced

criminal proceedings against the [Liberty] and [Property] inter-

est(s) of George Benyamin, therefore, he did "KNOWINGLY" choose

to, "WITHHOLD," "SUPPRESS," and "FRAUDULENTLY CONCEAL," from the

Plaintiff and from the, "RECORDS of THE TRIAL COURT:   (cont.)>>>

(cont.)>

**A)** That there never existed and never was a "Criminal Complaint" sworn and "Authenticated by the person, "Jamie Milot," against "George Benyamin."(M.G.L. CHAPTER 218 §35.)

**B)** That the "TRUE BILL" of the Indictment was not affixed with the, "WAFER SEAL," as he knows the Standing Laws Mandates, M.G.L. CHAPTER 212 §26, Therefore, Attorney Joseph Brennan "KNEW," that the paper (INDICTMENT), was "ILLEGALLY EXECUTED," upon the Plaintiff, and that the Trial Judge was not made to take Judicial Notice of the Fatally Defective Indictment, by Attorney Joseph Brennan, the Defendant.

**C)** **The defendant,** Attorney Joseph Brennan, failed to motion the Trial Judge to, "DISMISS THE ENTIRE CRIMINAL CASE," since it was true that the Court "DID NOT" have Competent Jurisdiction,- M.G.L. Chapter 263 §9, Over the Plaintiff and the Fatally Defective Indictment.

77 . The Plaintiff, additionally is Prosecuting the Defendant,Attorney Joseph Brennan, in this, "Federal Civil R.I.C.O. Action, for participating into a primary set(s) of, "Predicated Acts," designed and intended to remove the Plaintiff from the, "STREETS" and confine the Plaintiff into State Prisons. During the [ILLEGAL] Public Trial,"The Plaintiff Suffered Gross Ineffective Assistance of Counsel" by Attorney Joseph Brennan, where the Defendant - Attorney Joseph Brennan "Intentially":

(cont. next pg.)>>

33

(cont.)>>                    <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

(1.) Failure to investigate the "reasons" the victim was kicked
out-of, Sha-Booms.

(2.) Failure to produce witnesses concerning her conduct, while
at Sha-Booms.

(3.) Failure to produce expert medical evidence of her condition,
and how it affected her speech and walking abilities.

(4.) Failure to object that she was "Child-like," when there was
NO expert testimony that said she was child-like.

(5.) Failure to file motion for forensic examination of her under-
wear.

(6.) Failure to produce evidence of what it means when "NO STAINS
ARE FOUND, ON CLOTHING AND/OR BEDLINEN."

(7.) Failure to produce expert evidence that she would have "BLED,"
if she had had sex, "ONLY ONCE," years before.

(8.) Failure to object that medical evidence, "DID NOT" go to the
Jury room.

(9.) Failure to object to the additional instructions to the jury,
RE: RODRIGUEZ.

(10.) Failure of Appellate Counsel to include all arguments rel-
evant to a reversal. (Not to be used in the Rule 30.)

(11.) Failure to allow Defendant to Testify.

(12.) Failure to object to the Prosecutor's, "IMPROPER," closing
statements.

(13.) Failure to exploit Prosecution's contention that the victim
was, "A VIRGIN."

(cont. next pg.)>

(cont.)> (14.) Failure to object that witness was referred-to, as a "VICTIM"

(15.) Failure to argue with victim, "If she was truly abused/why she didn't try to get away?"

(16.) Failure to ask the Court to have the jury take a view of the site, so they could see the impossibility of the allegations. witness could easily have gotten away.

(17.) Failure to call as witnesses, any persons who might have been in the house at the time.

(18.) Failure to exploit the doctrine of consent.

(19.) Failure to seek curative instructions from the closing arguments of the Prosecutor.

(20.) Failure to investigate the backround of her witness that she went to see her after the alleged incident.

(21.) Failure to test her blood alcohol level by the police, the failure of counsel to raise the question.

(22.) Failure to impeach her statement of how much she had to drink.

(23.) Failure to investigate her history at the club -(had she had problems there before?)

(24.) Failure to follow-up on her statement that she voluntarily took-off her shoes.

(25.) Pages 134, 136, and 138, sound like she assisted him - no exam-of, or demonstration-of, apartment lay-out.

(26.) Failure to ask: Does a rape victim, ASK THE ATTACKER TO GIVE HER A RIDE HOME????

(27.) Why would she hang around the apartment for (1) one-to (1½) one and one half hours, if she was raped without enough time to finish her sandwich?

(cont.)>>

(cont.)> (28.) Look at, MASS DIGEST pages, 908, 909, 911, 912, 916, 920,

956, and 957.

(29.) Look at cases, "COMMONWEALTH v. CABAN 718 NE2nd 882; and

COMMONWEALTH v. HAGERTY %)( NE2nd 1163.

(30.) COMMONWEALTH v. SAAFRIN * KEY CASE - TEST

---

78 . Defendant Brennan, was the person who introduced, Defendant

Mason to the Plaintiff, as an act to advance the ongoing con-

spiracy against the Plaintiff, and said, Defendant Alan Mason

did visit the Plaintiff at the State Prison, as an attempt to

steal the Plaintiff's housing properties, via a sequence of,

"Deeds," for [each] property. The Plaintiff confiscated the, "Deeds,"

by using a method of excuse to gain possession. Defendant Mason

had to return to Defendants, Brennan and Beliveaux, "without"

possession of said, "Deeds."

79 . Defendant Brennan, then allowed a default judgement to benefit

Defendant Jaime Milot, against the Plaintiff, and said Defendant

Brennan, intentially demonstrated a "Divorce" in effectively rep-

resenting Plaintiff's defence, in the Civil Suit (Docket #99-0125),

filed by Co-conspirators, Defendant Milot, and Defendant Beliveau,

and Defendant Mason, who are her bosses, in this ongoing conspir-

acy.

## COUNT FIVE - CAUSE OF ACTION

80 . Defendants, Police Officer Eileen Finneran, and Police Officer

Mark Tivnan, of the City of Worcester, Massachusetts Police Dep-

artment, did become parties of the ongoing, continuing, criminal >>

>> <u>enterprise, (C.C.E.)</u> when, on <u>March 12th, 1998,</u> the Defendant's did accost – and – arrest George Benyamin, the Plaintiff, and commenced investigation into the, [FALSE] allegations asserted by the Defendant, Milot.

81 . During the month of November 1998, the Defendant's <u>Finneran and Tivnan,</u> did appear in the [ILLEGAL] criminal Trial of the Plaintiff and while under oath did, (a) Commit perjury testimony when testifying before a jury, in this ongoing Criminal Conspiracy.

## COUNT SIX – CAUSE OF ACTION

82 . The Plaintiff herein claims that the Defendant, <u>Judge James Donohue,</u> sitting in the Worcester County Superior Court, on November   1998, did intentially participate in predicated acts, in the furtherance of an ongoing Criminal Conspiracy Enterprise(C.C.E.) in violation of the <u>Fed. CIVIL R.I.C.O., BY:</u>

1.) Failing to dismiss the criminal Trial after witnessing the failure of the Clerk of Court to, <u>affix the WAFER-SEAL and JURAT upon the Indictment</u> before arraigning the complainant – Plaintiff, <u>Mass. Gen. Law, Chapter 212 §26.</u>

2.) Obstructed the Plaintiff from removing his "PAID LAWYER," (4) months before Public Trial.

3.) The Defendant, <u>Judge Donohue,</u> <u>Obstructed the Plaintiff from terminating the Attorney-Client relationship and representation, which was purchased with the Monetary funds of the Plaintiff, and NOT EMPLOYED BY THE TRIAL COURT.</u> Defendant Judge Donohue over-rode the Plaintiff by "Verbal-Order," dismissing the Defendant Attorney Brennan from his case, "<u>EVEN THOUGH BENYAMIN ALREADY HIRED ANOTHER ATTORNEY</u> >>

(cont.) >>

cont.) ›  <u>THREE MONTHS BEFORE TRIAL.</u>

MASSACHUSETTS CONSTITUTION, ARTICLE 12, Part (1).

"and every subject shall have a right,
...to be fully heard in his defense by
himself, or his counsel, <u>AT HIS ELECTION.</u>"
<u>(NOT BY THE JUDGES CHOICE OR ELECTION)</u>

4.) Denied Benyamin a prompt and speedy Trial, within (6) months, (180 days), as guaranteed by the U.S. Constitution, 6th Amendment, Massachusetts Constitution Part The First, Articles 11, 12: M.G.L. Chapter 220,§13A (in relevant parts), M.G.L. Chapter 277,§73 (six months dismissal).

5.) During the illegal public Trial, the Defendant, <u>Judge James Donohue,</u> intentially committed acts in violation of Civil R.I.C.O. when eh obstructed exculpatory Evidence from the Massachusetts State Police RAPE LAB AND MILFORD HOSPITAL, from being entered into Court Records, and Denied the Jury to CONSIDER or DELIBERATE the records in the Jury room during Deliberations.

<u>CONSTITUTION OF MASSACHUSETTS</u>

<u>PART THE FIRST    ARTICLE 29</u>

6.) JUDGES--

"It is essential to the preservation of the rights of
every individual, his life, liberty, property, and char-
acter, that there be an IMPARTIAL* interpretation of the
laws, and administration of Justice.
It is the right of every citizen to be tried by Judges
as free, impartial,* and Independant, as the lot of hum-
anity will admit. It is therefore, not only the best
policy, <u>BUT FOR THE SECURITY OF THE RIGHTS OF THE PEOPLE,</u>
and of every citizen, that the Judges of the Supreme
Judicial Court should hold their offices as long as they ›››

38

>>>  behave themselves, well*;"

(case notes)

* Trade v. Costa, 342 MASS.,5, 171 NE2d 863 (Feb. 6, 1961)
Judicial Bias and Predjudice, on pages 865 Article 29*

83 . Defendant Judge James Donohue, did, commit predicated acts in
the furtherance of the ongoing Civil R.I.C.O. violations by:

a) Using his Courtroom to engage in acts of a public Trial
against the Plaintiff, Goerge Benyamin, and the Defendant, (Judge
James Donohue) with foreknowledge, did Manipulate, meaning did
manage and treat artfully, under the acts of, employing, uttering
fraudulent Indictments as elements of the scheme and artifice to
defraud the State/Commonwealth, by conducting a public Trial, using
VOID Indictments, Knowingly:

b) Defendant, Judge James Donohue, did AIDED and ABETTED
(Title 18 USCS §§2(a)(b) PRINCIPAL) §3 Accessory after the fact §4
Misprison of Felony, demonstrated his intent to, CONCEAL, and did,
SUCCESSFULLY CONCEAL, the commission of Felony being perpetrated
upon the Plaintiff, which was conducting the ILLEGAL PUBLIC TRIAL,
against the Plaintiff on the controversy of "[M]anipulation, which
(which is) virtually a term of art when used in connection with
(HOUSING) markets." "IN-RE-LERNOUT & HAUS¼IE SECURITIES LITIGATION,"
236 F. SUPP. 2d, 161 (D. MASS. 2003) Pages 170-171. "THE  SUPREME
COURT OBSERVED THAT THE TERM, "DEVICE," EMBRACES, "A SCHEME TO
DECIEVE." (EMPHASIS ADDED)

COUNT SEVEN - CAUSE OF ACTION

(cont.) >>

cont. ⌐⌐ 84. Defendant Richard Brady, did commit predicate acts inc-
luding, swearing-in an affidavit, and stating a number of untruths:

a) That the Plaintiff did commit a criminal act against the
DEFENDANT, MILOT:

REBUTTAL:

1.) Plaintiff, Benyamin, has State Police Rape Exam, and the
Milford Hospital Report,"PROVING THAT THE DEFENDANT MILOT'WAS NOT'
RAPED BY PLAINTIFF  BENYAMIN, especially since she has proven by
examination, that she did "NOT," encounter INTERCOURSE - THERE ex-
isted NO EVIDENCE OF ANY "PUBIC HAIRS" on the PLAINTIFF'S "BEDDING,"
or upon his "UNDERWEAR, NOR ANY OF HIS PUBIC UPON DEFENDANT'S UNDER-
WEAR.

85  Defendant, Richard N. Bradley, Esquire, did in his, "AFFIDAVIT
OF RICHARD N. BRADLEY," further stated in paragraphs 4, 5, and 6,
that:

a) the Defendant is absolutely liable to the Plaintiff(Jamie
Milot), as amatter of law.

REBUTTAL---

1.) Plaintiff George Benyamin, claims that the Defendant[s] in
this Conspiracy-Jointventure, "ARE NOT" as a matter of law, entit-
led to enjoy, "THE FRUITS OF THEIR CRIMINAL ENTERPRISES, to steal
the Plaintiff's Housing Properties.

2.) The Defendant,"JAMIE MILOT" CAN NOT enjoy "THE FRUITS OF
THEIR SCAMS, perpetrated  upon the Plaintiff Benyamin.

3.) Plaintiff Benyamin, "CAN" exercise his legal rights over
his properties, against the named CONSPIRACY by the DEFENDANTS.

(Count Seven (cont.)

86   . Defendant Richard N. Bradley, Esquire, additionally attested

in his affidavit dated; June 25th, 1999, That:

b) The Plaintiff suffered serious harm and injury as a result

of the rape...etc.

REBUTTAL:

2.) This attestation is additionally enbellished of the FRAUD

UPON THE COURT(S), since the act of rape, "NEVER TOOK PLACE" as was

PROVEN BY THE MASSSACHUSETTS STATE POLICE RAPE EXAMINATION REPORT

AND THE MILFORD HOSPITAL RAPE LAB REPORT.

DEFENDANT BRADLEY FURTHER STATES:

c) The Defendant (Benyamin) is absolutely liable to the Plain-

tiff (Milot), as a matter of law.

REBUTTAL:

3.) Benyamin claims that Defendant Bradley as well as, [each]

Defendant presented in this Federal Civil R.I.C.O. Action, "IS

LIABLE TO HIM AS A MATTER OF LAW, as attested to in the instant

complaint pursuant to, 18 USCS §1994, and AOUDE v MOBIL OIL CORP-

ORATION (FRAUD UPON THE COURT) 892 F2d 1115 (1st Circuit 1989)

87   ) Defendant Richard N. Bradley, Esquire, did knowingly and with

forethought and malice, did perform predicated acts to contribute

to the furthering of the criminal schemes and schams enunciated a

criminal enterprise, when he filed a plethora of legal papers into

the Court against the Plaintiff, illegally.

4.) that the predicated acts encompassing joint-venture, in

setting-up on October 25th, during 1995, acts perpetrated by the≫≫≫≫

41

>>>> defendant's law-firm. The criminal prosecution at Public Trial on the FALSE ALLEGATIONS of rape, by conspiring with Defendant Attorney, JOSEPH F. BRENNAN Jr., of 285 Main Street, Worcester, MA. 01608, Phone # (508)791-8585, of the Law-Firm of Fisher, Foley, Brennan, and Sousa, wherein, Defendant's Fuller, Rosenberg, Palmer, and Beliveaux performed predicated acts as a means to the furtherance of, "UTTERING FRAUD UPON THE COURTS, while having knowledge that the Defendant "NEVER" was raped by the Plaintiff, as proven by the evidence from the State Police Rape Examinations of the Evidence and the Milford Hospital Rape Examination, of Defendant, Jamie Milot.

## COUNT EIGHT - CAUSE OF ACTION

88. Defendants, Fuller, Rosenberg, Palmer and Beliveaux, LLP of 340 Main Street, Suite 817, in the City of Worcester, MA 01608, (508) 929-3301, has, as a Law-Firm, participated in this ongoing criminal enterprise, by using it's trademark,(Corporate Name, and Address) to advance the cohesive Conspiracy perpetrated against the Plaintiff and his properties, assets of money, and Housing Properties.

89. Defendants, Fuller, Rosenberg, Palmer and Beliveaux, LLP, has perpetrated acts to advance the ongoing criminal conspiracy by acting in Joint-Venture, when:

1.) filing papers of Fraudulent nature, into State Courts for criminal business against the Plaintiff, George Benyamin, as a means to serve elements in the scham to steal Plaintiff's assets(see attached Exhibit Entries).

2.) filing papers of expansive Fraudulent Nature into State Courts for Civil business, as a means to secure assets of the Plaintiff.

<u>COUNT NINE - CAUSE OF ACTION</u>

90 . Defendants <u>LAW-FIRM OF FISHER, FOLEY, BRENNAN AND SOUSA, AT 285</u>
<u>MAIN STREET WORCESTER, MA 01608,</u> who, in its entity, did persuade
the Plaintiff, under false pretenses, to pay the amount of ($10,000)
Ten Thousand Dollars, as fees to obtain EFFECTIVE Legal Counsel, in
the criminal case of:

COMMONWEALTH
VS.
GEORGE BENYAMIN

CRIMINAL DOCKET NUMBERS, 98-0280-1-2; 98-0280-3; 98-0280-4.

91 . Defendants Law-Firm of Fisher, Foley, Brennan and Sousa was
Attorney(s) of record in the Worcester County Superior Court, crim-
inal and Civil Action #99-01250, MILOT vs. Benyamin, wherein, said
Defendants represented <u>the Plaintiff Benyamin, who was being crim-</u>
<u>inally prosecuted by the State and sued as a Defendant,</u> by Jamie
<u>Milot.</u>

92 . Said Defendants, committed overt and covert conspiritorial acts
when acting in Joint-Venture to render Ineffective Assistance of
Counsel for the Plaintiff, George Benyamin, Intentional Failures
during Pre-Trial Investigations, to obtain witnesses for the Def-
ense, and did entering into, A scheme to assure the Illegal con-
viction, by a Criminal Judge, who DID NOT HAVE COMPETENT JURISDIC-
TION, of the Plaintiff, GOERGE BENYAMIN, and to posture the Plain-
tiff to be Prosecuted in Civil Court, as a Conspiracy to confis-
cate his Housing Properties, money, and his Limosine Business, and
to, <u>EVISCERATE THESE ASSETS FROM THE PLAINTIFF, "ILLEGALLY."</u>

43

93 . Said DEFENDANTS LAW-FIRM, CONSPIRED WITH DEFENDANT ASSISTANT DISTRICT ATTORNEY DELLOSTRITTO, AND DEFENDANTS, IAN M. BENNIE, AND DEFENDANT JUDGE JAMES DONOHUE, TO CEASE AND DESIST challenging outstanding defects in the accusatory stages and events manifested before the criminal Trial against the Plaintiff George Benyamin:

a) Defendant Jaime Milot, "NEVER" sworn a Criminal Complaint against the Plaintiff, George Benyamin, as required by law(M.G.L., Chapter, 218,§35) and (M.G.L. Chapter, 263,§4)

b) THE DISTRICT COURT DIVISION, AT 50 Harvard Street, Worcester, MA. 01608, "DID NOT HAVE JURISDICTION OVER THE PLAINTIFF, SINCE THERE WAS NO COMPLAINT SWORN FROM "DEFENDANT MILOT." (M.G.L. CH., 218,§4,§44) and [IL]LEGALLY SENT THE MATTER TO THE GRAND JURY, (M.G.L. Ch.,277,§40)

c) SAID DEFENDANT (LAW-FIRM) participated in conspiring to conceal by FRAUDULENT MEANS, THE SALIENT FACTS THAT THE INDICTMENT WAS EXECUTED UPON THE PLAINTIFFF, GEORGE BENYAMIN, WHILE IT [THE INDICTMENT], WAS FATALLY DEFECTIVE, DUE TO LACK OF AUTHENTICITY, WITHOUT THE, "WAFER-SEAL OF THE TRIAL COURT AFFIXED, AS IS "MANDATORY BY LAW." (Title 28 USCS §1738 via The Federal Supremacy Clauses,(Article, 6, cl.,2 & 3 U.S. Constitution) MASS. GEN. LAW, Chapter 212,§26.

d) DEFENDANTS (LAW-FIRM) DEPRIVED THE PLAINTIFF OF ALL LEGAL DEFENSES AGAINST THE LAW-SUIT OF JAMIE MILOT (CIVIL DOCKET#99-01250, in which case, THE DEFENDANTS (LAW-FIRM) ENTERED INTO AN ENHANCED CRIMINAL ENTERPRISE, BY CONSPIRING WITH OTHER DEFENDANT'S, TO ALLOW DEFENDANT JAMIE MILOT'S CIVIL COMPLAINT TO FALL INTO THE STATUS OF>>>

>>> DEFAULT, thereby, enabling DEFENDANT JUDGE DONOHUE, TO GRANT A "DEFAULT-JUDGEMENT," TO ISSUE AGAINST THE PLAINTIFF, FOR OVER $150,000.00 AND ALL THREE HOUSING PROPERTIES, "THE (PRIMARY) TARGETS" OF THE CONSPIRACY, FROM THE VERY BEGINNING.

e) THE DEFENDANTS (LAW-FIRM) [USED] THE U.S. MAILS DELIVERY(S) TO ADVANCE THEIR SCHEMES TO THE FURTHERANCE OF THE ONGOING CRIMINAL ENTERPRISE AND RACKETEERING, IN VIOLATION OF, "TITLE 18 USCS §1994, §1341, OVERTLY OBSTRUCTING THE ADMINISTRATION OF JUSTICE, AND UTTERING FRAUD UPON THE WORCESTER COUNTY SUPERIOR COURTS, AS ANOTHER SCHEME TO VIOLATE TITLE 18 USCS §1964, THE R.IC.O. AGAINST PLAINTIFF, GEORGE BENYAMIN.

94 . DEFENDANT ATTORNEY, ALAN MASON, LAW OFFICES, AT 428 SHREWSBURY STREET, WORCESTER, MA 01604, DID PERFORM PREDICATED ACTS IN THE ONGOING CRIMINAL ENTERPRISE, WHEN HE AND THE "PRINCIPAL," (18USCS §2.) DEFENDANT THOMAS R. BELIVEAUX UTTERED FRAUDULENT "DEEDS" UPON THE PLAINTIFF AT THE STATE PRISON AT, N.C.C.I. GARDNER, MA 01440, ON APRIL    2000.

95 . THE DEFENDANT ATTORNEY ALAN MASON, AND THE BUSINESS ENTITY, "LAW OFFICES" REMAINS AS A CO-DEFENDANT, AWAITING THE SUCCESS OF THEIR CONSPIRACY TO CONFISCATE THE PLAINTIFF'S HOUSING PROPERTIES, IN VIOLATION OF THE FEDERAL CIVIL R.I.C.O. LAWS.

DEFENDANT, ASSISTANT DISTRICT ATTORNEY KATHLEEN DELLOST-RITTO, DID ON OR ABOUT, NOVEMBER 3rd, 1998, THE DEFENDANT COMMENCED THE ILLEGAL PUBLIC TRIAL IN THE SUPERIOR COURT, IN THE CITY OF WORCESTER, MA.,

(cont.)>>

45

96 >> DEFENDANT, ASSISTANT DISTRICT ATTORNEY KATHLEEN DELLOSTRITTO, "intentially" OBSTRUCTED THE ADMINISTRATION OF JUSTICE BY, FRAUDULENTLY CONCEALING THE FACTS --- (M.G.L. CH.260 §12) THAT:

1.) THE COURT "DID NOT" HAVE COMPETENT JURISDICTION OVER THE CASE-(M.G.L. CH., 263, §9);

2.) THE CHARGING INSTRUMENT WAS FATALLY DEFECTIVE DUE TO THE "MISSING SEAL OF AUTHENTICATION", WHICH IS MANDATORY, BY FEDERAL LAW," (TITLE 28USCS §1738), AND STATE LAW, (M.G.L., CH. 212 §26, RULE 40(A) M.R., CRIM. P.)

3.) WHILE STANDING IN THE OPEN COURT, BEFORE THE JUDGE AND JURY, THE DEFENDANT "UTTERED FALSE STATEMENTS," (18 USCS §1001) AGAINST THE PLAINTIFF'S CHARACTER BY SAYING THAT, "HE RAPED A VIR GIN."(TRIAL TRANSCRIPTS, VOLUME 1, LINE 41), AND LATER, DURING THE "ILLEGAL TRIAL,", THE DEFENDANT STATED ANOTHER PREVARICATION STAT- ING THAT THE "DEFENDANT, JAMIE MILOT WAS, 'VERY CHILD-LIKE.'" (TRANSCRIPT FROM TRIAL, VOL. II, 372), AND UTTERED ADDITIONAL PRE- VARICATIONS STATING THAT THE DEFENDANT, JAMIE MILOT WAS, "NOT MORE THAN SEVEN TO EIGHT YEARS OLD."; (TRIAL TRANSCRIPTS, TR II; 372).

4.) DEFENDANT, JAMIE MILOT, TESTIFIED LATER ON IN OPEN COURT, THAT SHE "WAS NOT A VIRGIN." (TRIAL TRANSCRIPTS, VOLUME ___ ), THEREFORE, DEFENDANT, DELLOSTRITTO'S OPEN COURT STATEMENTS WERE EVIDENCE OF HER PERJURY-FALSESTATEMENTS (TITLE 18 §1001; TITLE 18, §242; TITLE 18, §1964.)

5.) DEFENDANT, ASSISTANT DISTRICT ATTORNEY DELLOSTRITTO, >>

>> IN THE FURTHERANCE OF THE SCHEME TO COMMIT PREDICATED ACTS, "DID" ORCHESTRATE THE ACTS OF "PERJURY" TO BE TESTIFIED TO, BY THE DETECTIVES EILEEN FINNERAN AND MARK TIVAN (DEFENDANTS), AT THE ILLEGAL PUBLIC TRIAL HELD ON, OR ABOUT, NOVEMBER 1998. DEFENDANT, ASSISTANT DISTRICT ATTORNEY DELLOSTRITTO, COMMITTED "SUBORDINATION OF PERJURY," WHEN INSTRUCTING THE DEFENDANTS, FINNERAN AND TIVAN TO ENTER "PERJURIOUS TESTIMONY AGAINST THE PLAINTIFF, DURING THE [ILLEGAL] PUBLIC TRIAL. (SEE TRIAL TRANSCRIPTS VOL I; 239, TRIAL TRANSCRIPTS, VOL I; 238.)

6.) DEFENDANT, ASSISTANT DISTRICT ATTORNEY DELLOSTRITTO, "DID", WITH MALICE AND FORETHOUGHT, COMMIT THE CRIMES ENUNCIATED, IN THE CAPTION HEREINABOVE, AND ADDITIONALLY, SHE STANDS AS A DEFENDANT WHO HAS VIOLATED, (TITLE 18 USCS §371), REFLECTING THE RAPE CONVICTION, THAT THE DEFENDANT "INDUCED" THE JUDGE AND JURY, TO CONVICT this PLAINTIFF.

7.) DEFENDANT, ASSISTANT DISTRICT ATTORNEY DELLOSTRITTO, "DID", PERPETRATE, "PREDICATED ACTS" DURING THE PUBLIC JURY TRIAL, INTENTIONALLY, DURING OPEN COURT PROCEEDING - COMPELLED WITNESSES, WHOM SHE "SOLICITED" TO ADVANCE THE ELEMENTS OF, "COMMITTING FRAUD UPON THE TRIAL COURT," BY TESTIFYING "PERJURY" AGAINST THE PLAINTIFF - AND "OBSTRUCTING JUSTICE" FURTHER BY, "REFUSING TO PERMIT THE (2) SH-BOOM BAR/DANCE HALL BOUNCERS, TO BECOME TESTIFYING-WITNESSES," AT THE PUBLIC TRIAL, "DUE TO THEIR HONESTY." SHE ONLY ALLOWED PERSONS "WHO WERE IN 'COMPLICITY' WITH THE ONGOING CONSPIRACY, TO "LIE" AND "COMMIT PERJURY," AT THE PUBLIC TRIAL AGAINST THE PLAINTIFF, GEORGE BENYAMIN.

8.) DEFENDANT MARK TIVAN, TESTIFIED ON; _____ ,1998, WITH HIS "MANIFESTATIONS OF PERJURY," SAYING:

a) "AS A DIABETIC, HE WAS WELL AQUAINTED WITH BEING A DIABETIC, HIMSELF, AND WHEN HE SEARCHED THE APARTMENT OF GEORGE BENYAMIN, THE PLAINTIFF, HE TESTIFIED. (page 239)(lines 1 thru 24)

9.) DEFENDANT TIVAN'S TESTIMONY WAS EXPOSED "AS PERJURY," WHEN EVIDENCE OF PHOTOGRAPHS OF BENYAMIN'S BEDROOM SHOW ITEMS CONSISTING OF DIABETIC MEDICATION, IN PLAIN VIEW.

10.) PLAINTIFF SUFFERES A, "DIABETIC SEIZURE (2 DAY'S IN THE COURTROOM), AND WAS RUSHED TO THE SAINT VINCENT HOSPITAL, AND DIS-TRICT ATTORNEY DELLOSTRITTO "CONFISCATED AND SUPPRESSED, THE HOS-PITAL RECORD."

11.) DEFENDANT, EILEEN FINNERAN, "DETECTIVE," SURREPTICIOUSLY DESCRIBED THE UNDERWEAR PLAINTIFF GEORGE BENYAMIN WAS WEARING TO THE DEFENDANT'S, MILOT AND DELLOSTRITTO, SO THEY COULD EMBELLISH THE ELEMENTS OF, "FRAUD UPON THE TRIAL COURT AND JURY," DURING THE PUBLIC JURY TRIAL. THE UNDERWEAR WERE "BOXER-SHORTS AND A THER-MAL UNDERSHIRT TOP - WHICH WAS "NOT KNOWN" KNOWN TO THE DEFENDANT MILOT, WHEN SHE TESTIFIED AT THE WORCESTER GRAND JURY INQUIRIES, YET SHE ATTESTED TO "THEM," AT THE TRIAL (AFTER BEING "COACHED AND SCHOOLED," ON "HOW-TO" COMMIT PERJURY, BY ASSISTANT DISTRICT ATT-ORNEY DELLOSTRITTO, "TUTORING","SUBORDINATION OF PERJURY(M.G.L. CHAPTER 268 §1)

48

12.)DEFENDANT FINNERAN, IN THE FURTHERANCE OF THE ONGOING CRIMINAL ENTERPRISE, DEFENDANT IAN M. BENNIE, "DID" USE THE GRAND JURY SESSION, TO INVOKE "DOUBLE-JEOPARDY" UPON THE PLAINTIFF, AND SUCH [UN]CONSTITUTIONAL ACTS( OF CONVENING THE GRAND JURY ON MAY 15th, 1998, AND ON THE 1994 GRAND JURY INDICTMENT), "STANDS AS PROOF," TODAY, A PRIMA FACIE VIOLATION OF THE 5TH AMENDMENT TO THE U.S. CONSTITUTION:

"NOR SHALL ANY PERSON BE SUBJECT, 'FOR THE SAME OFFENSE,'

TO BE 'TWICE' PUT IN JEOPARDY OF LIFE OR LIMB."

THE COURT RECORDS ATTEST TO THE FACTS THAT THE, 1994 AND THE 1998 PROSECUTIONS WERE " ILLEGAL, AND "ILLEGALLY USED," TO CONVICT THE PLAINTIFF, GEORGE BENYAMIN.


13.) THE 1994 CRIMINAL PROCEEDINGS GENER ATED FROM THE FALSE STATEMENTS MADE BY A TENANT WHO WAS EVICTED FOR HIS REASONS ON REF-USING TO PAY "BACK-RENT-DUE," AND INSPITE-OF HIS WIFE "RECANTING" HER HUSBANDS "FALSE ALLEGATIONS," SHE APPEARED IN THE OFFICE OF THE DISTRICT ATTORNEY WITH HER CHILDREN, AND ESCOURTED BY THE PLAIN-TIFF'S ATTORNEY - AND TOLD THE DISTRICT ATTORNEY HOW HER HUSBAND "LIED" ABOUT THE PLAINTIFF, GEORGE BENYAMIN, RAPING THEIR SON. SHE TOLD THE DISTRICT ATTORNEY THAT, "IT WAS A LIE," AND THAT, "MY HUS-BAND MADE-UP THAT LIE," AND SHE SAID, "I COULD NOT, WITH GOOD CON-SCIOUS, ALLOW AN "INNOCENT MAN" TO GO TO JAIL. THE DISTRICT ATT-ORNEY "IGNORED" AND "REJECTED" HER, AND FORCED THE PLAINTIFF TO "PLEAD GUILTY," AND SERVE (6) MONTHS IN JAIL, OR GO TO TRIAL, AND ››

>> RECIEVE, "(20) YEARS IN STATE PRISON." PLAINTIFF, "HAVING NEVER BEEN COMMITTED INTO STATE PRISON BEFORE – ACCEPTED THE (6) MONTH JAIL SENTENCE, UNDER A, "COHERSED" GUILTY PLEA.

14.) DEFENDANT, FINNERAN, DURING THE PUBLIC JURY TRIAL PROCEEDINGS, SHE "DID" COMMIT PERJURY(M.G.L. CH. 268,§2, §2, §3, §6A, AND §6B. HER PERJURIOS TESTIMONY INCLUDED, AMONG OTHER THINGS, TESTIFYING ON, _____ 1998:

"PARAPHRASING" (BENYAMIN IS NOT A DIABETIC AND THERE WAS NO EVIDENCE OF HIM BEING A DIABETIC IN HIS APARTMENT.)

15.) ON THE CONTRARY, THE PICTURE TAKEN BY DEFENDANT FINNERAN, REFLECT THE PLAINTIFF'S DIABETIC MEDICINE IN FULL VIEW, ON THE TABLE.

16.) PLAINTIFF GEORGE BENYAMIN, SUFFERED THE OCCASION OF A DIABETIC COMA, WHEREUPON HE WAS RUSHED TO THE HOSPITAL AND RECIEVED EMERGENCY TREATMENT BY THE MEDICAL STAFF AND DOCTORS, CONSEQUENTLY, SAVING THE PLAINTIFF'S LIFE. THE EPISODE TOOK PLACE IN THE COURTHOUSE CELL – WHERE THE DEFENDANTS BENNIE, MASON, MILOT, DELLOSTRITTO, TIVAN AND FINNERAN, WERE THE "PRINCIPALS" IN CONTRIBUTING TO THE PLAINTIFF BEING HELD IN PRE-TRIAL "FALSE IMPRISONMENT, INFLICTING THE PLAINTIFF'S, "COMA."

## PRAYER FOR RELIEF

I, George Benyamin, the Plaintiff, respectfully request this Honorable Court to grant and award him the following:

1.) Issue a restraining ORDER, commanding the DEFENDANTS MILOT AND ALL OTHER DEFENDANTS NAMED HEREINABOVE, ESPECIALLY IN THE COUNTY SUPERIOR COURT OF WORCESTER, UNDER CIVIL DOCKET NO.#99-01250 TO CEASE AND DESIST ANY AND ALL DEMOLITION OF PLAINTIFF'S HOUSING PROPERTIES, WITHIN THE CITY OF WORCESTER, MA.

2.) Issue an ORDER, commanding the Defendants, i.e., the City of Worcester, to reimburse the Plaintiff for the nine (9) years of whatever amounts of money he has paid for back taxes, and to render NULL AND VOID, the taxes presently owed, and to stop all foreclosures related to any unpaid back taxes.

3.) Issue an ORDER, commanding the Defendants, to reimburse the Plaintiff for the, ILLEGAL DEMOLITION OF HIS FOUR FAMILY HOUSE, LOCATED AT 6 WAVERLY ST. WORCESTER, MA., with loss of rent income for all of these years, and to void all taxes owed, and stop all tax foreclosures due to taxes ACCRUED.

4.) Issue an ORDER, commanding the Defendants to reimburse the Plaintiff for his loss of rent income, for the other three houses.

5.) Issue an ORDER, commanding the Defendants to pay the costs, in monetary funds, to restore the three (3) houses.

6.) Award the Plaintiff compensentory monetary damages in the amounts of FIFTEEN THOUSAND DOLLARS ($15,000.00) for every three (3) hours held in, FALSE IMPRISONMENT....Peterson v. County of Nassau 995 F.Supp. 105;

> (E.D.N.Y. 1998 Page 309)

"...reasonable...under circumstances would be $15,000.00 dollars

to Plaintiff, <u>PER THREE HOURS, TO DATE</u>.

(emphasis added)


<u>PRAYER FOR RELIEF CONTINUED</u>

7.) Award the Plaintiff punitive damages in the amounts of,

<u>TWO BILLION DOLLARS ($2,000,000,000.00)</u>.

8.) Grant the Plaintiff a jury trial on each claim he is prosecut-

ing as guaranteed him by the <u>7th Amendment to the U.S.CONSTITUTION</u>.

9.) Grant the Plaintiff an award to have the Defendants pay any,

and all Court costs, Attorney(s) fees, and all other costs pert-

aining to this Federal R.I.C.O. Civil Action.



<u>12-25-2004</u>
    Date

Respectfully Submitted,



*George Benyamin Pro Se*
George Benyamin, Pro-Se
(#W65522)
N.C.C.I. P.O. Box 466
500 Colony Road
Gardner, MA. 01440-0466

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____
   ~~OPER~~ *GEORGE BENJAMIN v. ATTY. THOMAS BELIVEAU* ET

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST *AL*
   ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   X       I.      160, 410, [470] 535, R.23, REGARDLESS OF NATURE OF SUIT

   ___     II.     195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730,
                   740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

   ___     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

   ___     V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   _NONE_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN
   FILED IN THIS COURT?    _NO_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS
   AFFECTING THE PUBLIC INTEREST? ~~YES~~ NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)
   _NO_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES
   PURSUANT TO TITLE 28 USC 2284?   _NO_

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF
   MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES X OR IN THE WESTERN
   SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))
   YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN
   SECTIONS OF THE DISTRICT?  YES X _(CENTRAL)_
   (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _(CENTRAL)_

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _(CENTRAL)_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY
    GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE
    IN THE CENTRAL SECTION X OR WESTERN SECTION_____


(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME___ *GEORGE BENJAMIN*_____

ADDRESS *NCCI P.O. BOX 466 GARDNER, MA 01440*

TELEPHONE NO._____

(COVER SHT-08/90)

JS 44
(Rev. 07-89)

# CIVIL COVER SHEET

ATTACHMENT #2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**GEORGE BENYAMIN**

## DEFENDANTS

**ATTY. THOMAS BELIVEAU**

**ATTY. ALAN MASON**

**JAMIE MILOT     ET AL**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  WORCESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GEORGE BENYAMIN, PRO SE
P.O. BOX 466
GARDNER, MA 01440

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY

CAUSE OF ACTION
CIVIL R.I.C.O.
TITLE 18 USCS §1964 §1962

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES ☒ |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 620 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 630 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 640 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

Transferred from

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 another district (specify)
- ☐ 6 Multidistrict Litigation

Appeal to District
- ☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
2 Billion (plus)

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

NONE

JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

PRO SE

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.